**In re Jack BONA a/k/a Jack Bonaccolta, Debtor.**

**No. 90 Civ. 2781 (LLS).**

United States District Court, S.D. New York.

Feb. 4, 1991.

---

**3.** Of course, if I am correct in my reading of the *Davis* case the Supreme Court plus one constitutes a majority.

Jack Bona, Atlantic County Justice Facility, Mays Landing, N.J., plaintiff pro se.

Marc S. Goldberg, Marc Stuart Goldberg & Associates, P.C., New York City, for plaintiff.

Steven Pasternak, Greenberg Margolis, New York City, for defendants GNAC and FDIC.

Isaac Nutovic, Chapter 7 Trustee of Debtor, New York City, for defendant Nutovic.

## OPINION AND ORDER

STANTON, District Judge.

Debtor Jack Bona, who is incarcerated in New Jersey under a writ of *capias ad satisfaciendum*,[1] appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Prudence B. Abram, Bankruptcy Judge) denying Bona's application for an order for his immediate release from incarceration and granting GNAC, Inc.'s motion for modification of the automatic stay.

## BACKGROUND

On September 25, 1989 the Superior Court of New Jersey, Law Division (the "New Jersey Court") entered a default judgment against Bona for $10,406,821 in favor of GNAC in an action for fraud in connection with an aborted sale of property

---

1. "A body execution enabling judgment creditor in specified types of actions to cause arrest of judgment debtor and his retention in custody until he either pays judgment or secures his discharge as insolvent debtor." Black's Law Dictionary 189 (5th ed. 1979).

in Atlantic City, New Jersey. (Appendix of FDIC and GNAC ("App.") at 1–2, 4). The court had previously stricken Bona's answer for failure to provide discovery. (*Id.* at 7, 9–10).

At a hearing on the judgment, the court stated that Bona had committed willful fraud (*id.* at 12–13), and granted GNAC's application for a writ of *capias ad satisfaciendum* pursuant to N.J.Stat.Ann. § 2A:17–78 (the "capias writ"). The court ordered Bona's immediate incarceration. (App. at 29–31).

### Bona's Applications for Release

On October 2, 1989 Bona filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. Bona petitioned the bankruptcy court for a writ of habeas corpus asserting, among other things, that the automatic stay provision, 11 U.S.C. § 362 (1988), prohibited his continued incarceration.

At a hearing on October 5, the bankruptcy court questioned whether an application for release based on the automatic stay should be brought in the New Jersey Court. (App. at 410). Bona then moved for his release in the New Jersey Court on the grounds, among others, of the automatic stay. At a hearing on that motion, Bona's counsel stated that the New Jersey Court had "concurrent jurisdiction with the Bankruptcy Court over issues surrounding Mr. Bona's custody." (*Id.* at 639–40).

The New Jersey Court denied that motion (*id.* at 592–95), and Bona appealed. That appeal is still pending.[2]

GNAC moved in the bankruptcy court for a modification of the automatic stay so that it could proceed in the New Jersey Court, and Bona renewed his application in the bankruptcy court for a writ of habeas corpus.

### The Bankruptcy Court's Decision

The bankruptcy court denied Bona's petition and granted the application for modification of the automatic stay. *In re Bona*, 110 B.R. 1012 (Bankr.S.D.N.Y.1990). The court stated that while bankruptcy courts have authority to order persons released from state custody, such an order was inappropriate in this case because the debt on which Bona is imprisoned "could well prove not to be dischargeable." *Id.* at 1019, 1021 (footnote omitted). It also held that the New Jersey Court had jurisdiction to decide that the automatic stay did not apply to the proceedings before it, and that it was not permitted to review that decision.

Finally, the bankruptcy court held that:

"Precisely because this court finds that the *capias* proceeding can accommodate to dovetail with this bankruptcy case and the provisions of the Bankruptcy Code, this court lifts the automatic stay to the extent that it exists so that GNAC may participate in any and all proceedings or actions involving the *capias* writ...."

*Id.* at 1023.

### DISCUSSION

#### I. The Capias Writ

New Jersey provides for issuance of a capias writ in an action on a willful or malicious tort:

In all cases in which the first process shall be a summons, the writ of capias ad satisfaciendum shall not be issued against a defendant upon any judgment in an action of tort for injuries to the person or damages to property, unless the court finds that such injuries or damages were caused by the willful or malicious act of the defendant and an order is made that such writ be issued.

N.J.Stat.Ann. § 2A:17–79. Similarly, section 2A:17–78 states (by reference to section 2A:15–42) that a capias writ may issue on a judgment based on a contract where the defendant fraudulently contracted a debt.

A debtor may bring a summary action for his release. *Id.* § 2A:20–1. He may

---

2. On November 17, 1989 Bona filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 (1988) in the United States District Court for the District of New Jersey. Bona later withdrew the petition in light of his unexhausted state remedies, which would similarly impede any direct habeas application to this court. *See* 28 U.S.C. 2254(b).

obtain release by making, under oath, a true inventory of his personal and real property and giving a bond for double the sum for which he is incarcerated. *Id.* § 2A:20–2, –3.

In such an action, if "the court is satisfied that the conduct of the debtor has been upright," it may appoint an assignee or assignees of the debtor. *Id.* § 2A:20–5. The debtor then "shall forthwith execute to the assignee a general assignment of all his real and personal property, with an inventory of his estate and a list of creditors as provided by" section 2A:20–6. The creditor who sought the incarceration of the debtor may bring an action to remand to prison a debtor who has kept back or concealed property. *Id.* § 2A:20–9.

## II. Habeas Corpus

This appeal raises issues whether (1) the bankruptcy court had jurisdiction to issue a writ of habeas corpus and (2) Bona met the standard for the writ.

Whether bankruptcy courts may grant habeas corpus writs poses novel and difficult questions concerning the 1984 amendments to the Bankruptcy Code, made following the decision by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which threw into doubt the scope of the jurisdiction which could constitutionally be exercised by Article I bankruptcy courts. Those amendments included repeal of 28 U.S.C. § 2256, which had given bankruptcy courts authority to grant habeas corpus writs under circumstances related to a bankruptcy case.[3]

In light of that repeal, the authority of bankruptcy courts to grant habeas corpus

writs is unclear. *See* 1 R. Ginzberg, *Bankruptcy* ¶ 11,951 (1988) ("It is extremely difficult to analyze what power, if any, the bankruptcy court has to issue writs of habeas corpus after the 1984 amendments."); 1 *Collier on Bankruptcy* ¶ 3.01[9], at 3–119 (1990) (stating, without explanation, that "Matters of *habeas corpus* should be considered to be among the matters referred under 28 U.S.C. § 157(a)"). *See also In re Hipp, Inc.,* 895 F.2d 1503, 1517 (5th Cir.1990) (stating in dicta that power of bankruptcy court to issue writ was repealed).

However, it is unnecessary to determine whether the bankruptcy court had authority to order Bona's release from incarceration, since even if it had that power, Bona is not entitled to relief. *See Browning-Ferris Indus. of S. Jersey, Inc. v. Muszynski,* 899 F.2d 151, 159 (2d Cir.1990) (courts may assume jurisdiction in appropriate cases where merits go against party asserting jurisdiction).

### A. The Automatic Stay

Bona argues that his continued incarceration violates the automatic stay.

Bona presents no authority that the automatic stay mechanically and indiscriminately requires a debtor's release from state imprisonment on a debt. Whether or not Congress eliminated bankruptcy courts' authority to order such release, there is no evidence that it intended to expand that authority to cases in which it had not been previously recognized.

■ Moreover, Bona freely litigated that contention in the New Jersey Court, and therefore he is bound by its determination that the automatic stay does not apply to

---

**3.** Section 2256 had stated:
A bankruptcy court may issue a writ of habeas corpus—
(1) when appropriate to bring a person before the court—
(A) for examination;
(B) to testify; or
(C) to perform a duty imposed on such person under this title: or
(2) ordering the release of a debtor in a case under title 11 in custody under the judgment of a Federal or State court if—

(A) such debtor was arrested or imprisoned on process in any civil action;
(B) such process was issued for the collection of a debt—
(i) dischargeable under title 11; or
(ii) that is or will be provided for in a plan under chapter 11 or 13 of title 11; and
(C) before the issuance of such writ, notice and a hearing have been afforded the adverse party of such debtor in custody to contest the issuance of such writ.

the capias writ. "[A] bankruptcy court is precluded from relitigating judgments rendered by courts of competent jurisdiction, absent a showing that the judgment was procured by fraud or collusion." *Teachers Ins. and Annuity Ass'n v. Butler*, 803 F.2d 61, 66 (2d Cir.1986). *See also Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988).[4]

■ The New Jersey Court had concurrent jurisdiction with the bankruptcy court to determine the applicability of the automatic stay: "The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir.1985) (footnote omitted). *Accord NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir. 1986).

Bona, contradicting the position he took in the New Jersey Court before it denied his application, contends that only federal courts have jurisdiction to determine the applicability of the automatic stay.

However, nothing in *Baldwin* suggests that it should be read so narrowly, and courts have not so limited it. *See In re 1736 18th Street, N.W., Ltd. Partnership*, 97 B.R. 121, 123 (Bankr.D.C.1989) (District of Columbia administrative agency has concurrent jurisdiction); *In re Neuman*, 71 B.R. 567, 573–74 (S.D.N.Y.1987) (state court could have decided whether automatic stay applied to proceedings before it, but bankruptcy court properly stayed state

court proceedings). *See also In re Mann*, 88 B.R. 427, 430 (Bankr.S.D.Fla.1988) (state court has concurrent jurisdiction over applicability of stay to contempt proceedings arising out of alimony and child support award); *Westlund v. State, Dep't of Licensing*, 55 Wash.App. 82, 778 P.2d 40, 41 (state court), *rev. denied*, 113 Wash.2d 1020, 781 P.2d 1322 (1989). *But see In re Hunt*, 93 B.R. 484, 489 (Bankr.N.D.Tex. 1988) (only federal courts have such jurisdiction; ALJ does not).[5]

Accordingly Bona, having litigated this claim in state court, is barred from relitigating it here.

### B. Dischargeable Debt

Bona argues that the bankruptcy court erred in denying his petition on the grounds that the debt on which he is incarcerated may be nondischargeable as based on fraud. *See* 11 U.S.C. § 523(a)(2)(A). Under both former section 2256 and its predecessor, section 9 of the Bankruptcy Act,[6] a debtor was entitled to release if imprisoned on a dischargeable debt. *See Damon v. Damon*, 283 F.2d 571, 572 (1st Cir.1960).

■ Assuming that the dischargeability of the debt on which a debtor is imprisoned remains a basis for habeas corpus relief in the bankruptcy court, *see* Ginzberg ¶ 11951; *see also Grogan v. Garner*, — U.S. —, —, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor'", *quoting Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78

---

**4.** New Jersey would give the denial of Bona's application for release preclusive effect even though it is being appealed, *Gregory Marketing Corp. v. Wakefern Food Corp.*, 207 N.J.Super. 607, 504 A.2d 828, 837 (Law Div.1985), and therefore that denial is entitled to full faith and credit in the bankruptcy court. *See Kelleran*, 825 F.2d at 694.

**5.** Bona argues that he is unable to satisfy the capias writ since he cannot post bond as required by N.J.Stat.Ann. § 2A:20–2 because the bankruptcy trustee now controls all his assets. However, Bona does not show that the New Jersey Court, which has expressed an intent to

interpret Bona's applications consistently with the Bankruptcy Code (App. at 593–94), has denied Bona release because of a failure to post bond.

**6.** Section 9 states:

A bankrupt shall be exempt from arrest upon civil process except in the following cases: (1) When issued from a court of bankruptcy for contempt or disobedience of its lawful orders; (2) when issued from a State court having jurisdiction, and when served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release. . . .

L.Ed. 1230 (1934)), Bona is not entitled to such relief.

■ Bona failed to demonstrate to the bankruptcy court that there is any likelihood that the default judgment is dischargeable. The New Jersey Court made a finding of willful fraud when rendering that judgment.[7] Although Bona argues that he is entitled to release until there is a determination that the debt will not be discharged, a party generally must prove that it is entitled to the relief it seeks, and that rule applies in habeas corpus cases. *See Klein v. Smith*, 559 F.2d 189, 200 (2d Cir.), *cert. denied*, 434 U.S. 987, 98 S.Ct. 617, 54 L.Ed.2d 482 (1977); *Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir.1983) (per curiam).

Accordingly, the bankruptcy court's denial of Bona's petition for habeas corpus is affirmed.

III. Modification of the Automatic Stay

The bankruptcy court modified the automatic stay to permit GNAC to participate in proceedings related to the capias writ, asserting that continued enforcement of the writ is consistent with the purposes of the Bankruptcy Code. Bona urges that the modification was error because imprisoning a debtor is repugnant to the Bankruptcy Code's goals of allowing the debtor breathing room from creditors and permitting the trustee to marshal and manage the bankruptcy estate.

■ The decision to lift the automatic stay is committed to the discretion of the bankruptcy court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir.1990). It cannot be said that the bankruptcy court abused that discretion here.

■ One of the goals of the capias writ is to secure full disclosure by the defendant for the benefit of his creditors. *See* N.J. Stat.Ann. § 2A:20–2(a). The bankruptcy court found that Bona's disclosures filed with his bankruptcy petition inadequately explained the disappearance of millions of dollars in assets. 110 B.R. at 1018 n. 9. GNAC has also submitted a financial analysis which concludes that Bona has not accounted for approximately $21 million, although he disputes that analysis. Under the circumstances, the bankruptcy court reasonably determined that permitting GNAC to proceed in the New Jersey Court to encourage Bona to make full disclosure was consonant with the Bankruptcy Code.

Nor does Bona show that the capias writ favors GNAC over other creditors. While permitting GNAC in participate in the capias proceedings gives it a leading role in investigating Bona's financial affairs, that investigation benefits of all his creditors, none of whom have objected. Indeed, the trustee of Bona's bankruptcy estate supports Bona's continued incarceration.

■ In his reply brief, Bona raises the arguments that the New Jersey capias statute violates equal protection and due process. Those arguments were not been presented to the bankruptcy court, and will not be considered here. *In re Gilchrist*, 891 F.2d 559, 561 (5th Cir.1990); *In re Ozark Restaurant Equipment Co.*, 850 F.2d 342, 346 (8th Cir.1988); *Haile v. New York State Higher Educ. Servs. Corp.*, 90 B.R. 51, 55–56 (W.D.N.Y.1988).

CONCLUSION

The order of the bankruptcy court is affirmed.

---

7. If the state court determined by a preponderance of the evidence that the judgment is based on fraud, the bankruptcy court could give the judgment collateral estoppel effect. *Grogan*, —— U.S. at ——, ——, 111 S.Ct. at 657–61. Otherwise, the bankruptcy court will determine whether the transaction was fraudulent. *See In re Capparelli*, 33 B.R. 360, 363 n. 4 (Bankr.S.D. N.Y.1983).