**In re Teresa Black WILLIAMS.**

**Bankruptcy No. 92–41543S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

June 30, 1992.

Debtor, pro se.

Larry Vaught, Pulaski County Atty., Little Rock, Ark., for defendants.

A.L. Tenney, Chapter 13 Trustee.

**ORDER OVERRULING MOTION FOR RELEASE FOR MOOTNESS**

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a "Motion for an order of Release from In-

---

carceration" filed by the debtor on June 22, 1992. This bankruptcy case was initiated by the filing of a skeletal chapter 13 petition in bankruptcy, on Friday, June 19, 1992, at 4:39 p.m. At the same time that the motion for release was filed, the debtor also filed an adversary complaint against the Honorable Chris Piazza, Judge of the Circuit Court, and the Pulaski County Attorney.

The motion for release consists of three short paragraphs indicating that the adversary proceeding was filed, that the debtor should be released from jail, and that the Pulaski County Sheriff Carroll Gravett should be ordered to release the debtor from jail. As near as can be ascertained from the bare motion and the adversary proceeding, the debtor was incarcerated on Friday, June 22, 1992, due to her actions related to a criminal matter in which she was the defendant. While the adversary complaint is filed against the Circuit Court Judge and prosecuting attorney, the motion for release appears to be directed to the county sheriff.

The adversary complaint alleges that the bankruptcy petition was filed due to her decision "not to accept the terms of a plea bargain deal and request for the appointment of the Public Defender Honorable Judge Chris Piazza created a debt to the Jurors to be paid by plaintiff." From the allegations of the complaint, it is clear that the defendant was a defendant in a criminal proceeding and that the incarceration is related to that proceeding. It appears from the pleading that Williams was fined by the court for contempt of court and, upon failure to pay the fine, the circuit court ordered her incarceration.[1] After she was incarcerated, Williams filed the bankruptcy petition, and the next Monday, filed the instant motion for an order of release from incarceration.

 While there are numerous jurisdictional issues[2] raised by the "motion,"

---

[1] The defendant apparently wished to litigate the propriety of the contempt order in this Court in the adversary proceeding through assertion of a violation of the automatic stay. Specifically, the debtor requested that this Court order damages in the amount of $600 for each day of incarceration. The adversary proceeding has been dismissed by separate Order of Court for failure to state a claim for which relief could be granted.

[2] Under the guise of arguing the applicability of the automatic stay in bankruptcy, the debtor seeks the relief afforded by a writ of habeas corpus. Inasmuch as the debtor was incarcerated prior to the filing of the petition in bankruptcy, the petition appears to have been filed with an improper motive. The motion and related adversary proceeding appear to have been filed only for the purpose of obtaining release from jail. The Court also notes that the motion fails to state a cause for which relief could be granted. The "motion" is so defective that, had the debtor remained incarcerated, this Court would have recommended that it be overruled for failure to state a claim.

The debtor seeks release from incarceration by "motion." This Court disagrees with the proposition stated in *Hucke v. State of Oregon (In re Hucke)*, 128 B.R. 675 (D.Ore.1991), that release may be made by way of motion in a bankruptcy case. The modern authority for release from incarceration is found in 28 U.S.C. § 2241, *et seq.*, under which only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdic-

tions," had authority to issue such a writ. The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect.

There is some authority for filing a writ of habeas corpus in the bankruptcy court. In *In re Bona*, 110 B.R. 1012 (Bankr.S.D.N.Y.1990), *aff'd*, 124 B.R. 11 (S.D.N.Y.1991), the bankruptcy court determined that it had the authority to issue such writs. The district court, however, noting the problematic nature of the jurisdictional issue, declined to expressly decide whether the bankruptcy court had authority to order release from incarceration. *Bona*, 124 B.R. at 14. Bankruptcy judges may hear and determine (1) all cases under title 11; (2) all core proceedings arising under title 11; and (3) all core proceedings arising in a case under title 11. 28 U.S.C. § 157(b)(1). Matters "related to a case under title 11" may be referred to the bankruptcy court, but a bankruptcy judge may not enter a final order in a proceeding "related to a case under title 11" without the consent of all parties. 28 U.S.C. § 157(c). This Court holds that, where, as here, the debtor was incarcerated prior to the filing of a petition in bankruptcy, a motion for release constitutes a proceeding "related to a case under title 11." Accordingly, this Court does not have the power to order the release of the debtor.

This matter also should have been filed as an adversary proceeding rather than as a motion. Since the debtor seeks injunctive or other similar equitable relief, an adversary proceeding is required to be filed. Rule 7001(7).

Finally, the Court notes that the certificate of service appended to the motion is facially inval-

this Court need not make specific findings and recommendations. The Court has been advised that the Circuit Court has released the debtor from incarceration. The motion for release from incarceration being moot, it must be overruled for lack of justiciability.

ORDERED that the "Motion for an Order of Release from Incarceration" filed by the debtor on June 22, 1992, is OVERRULED as moot.

IT IS SO ORDERED.

id. The certificate of service is signed by the debtor and indicates that the motion was hand delivered to a number of persons. It is clear that this certificate on the *pro se* "motion" was signed by the debtor while she was in fact incarcerated. The service of the motion also must have occurred while the debtor was in fact incarcerated. Service by the debtor, by hand delivery, is, thus, a physical impossibility. Accordingly, the certificate is false on its face.