[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #148
This case continues to exist on the superior court rolls due to a technicality. The original plaintiff Jones has withdrawn his suit as to all defendants. The lack of any claim against the third-party plaintiff renders its third-party complaint for indemnity useless and without merit or legal foundation.
1. Motion To Dismiss Not The Appropriate Motion
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [nonmovant] cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Such a motion "tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461, A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985); Practice Book 143.
A motion to dismiss tests the jurisdiction of a court. A claim of "lack of prosecution" does not go toward jurisdiction and does not fall within the five recognized grounds upon which such a motion may be maintained. In fact, a motion to dismiss for lack of prosecution does not exist in the Practice Book. Therefore, third-party defendant Currytto's motion to dismiss is technically improper.
The proper course (and perhaps the course Mr. Currytto intended to take) would have been to file a motion for dismissal for lack of diligence. The Practice Book states:
 "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action. . . . ., or on its own motion, render a judgment dismissing the action with costs."
Practice Book 251. Mr. Currytto titled his motion as a "Motion to Dismiss." Although Mr. Currytto may have been under the assumption that he was moving under Practice Book 251, his motion was unclear. Mr. Currytto's Motion to Dismiss is denied on this CT Page 10388 technical ground.
II. The Automatic Stay
Upon filing a voluntary, involuntary or joint bankruptcy petition, the Bankruptcy Code provides for an automatic stay of all proceedings against the debtor. Teachers Ins. Annuity Ass'n of America v. Butler, 803 F.2d 61, 64 (2d Cir. 1986). Unless falling within an exception under 362(b), Section 362 of the Bankruptcy Code operates as a stay of:
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . (emphasis added).
11 U.S.C. § 362. Where no request for relief from the stay is made by a "party in interest", the stay continues until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted. 11 U.S.C. § 362(c). If such request is made, the stay will be terminated thirty days thereafter "unless the court, after notice and a hearing, orders such stay continued. . . ." 11 U.S.C. § 362(d).
The Bankruptcy Code does not define a "party in interest." However, it does define a "disinterested person." 11 U.S.C. § 101.
[A] disinterested person means person that
 (A) is not a creditor, an equity security holder, or an insider. . .
 (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason. . . .
11 U.S.C. § 101. "[T]he phrase `or for any other reason' permits the [bankruptcy] court to find a particular person lacking in disinterestedness for reasons other than the non-exclusive CT Page 10389 statutory guidelines. King, Collier Bankruptcy Manual, 101.13 (1990). An interested party is one who does not fit within the definition given in part above.
"Under the old Bankruptcy Act, a debtor apparently could waive a stay. Under the new Code, relief from a stay must be authorized by the Bankruptcy Court" (emphasis added). Association of St. Croix Condominium Owners v. St. Croix Hotel, 682 F.2d 446, 448 (3rd Cir. 1982). It is noted for the court that "[a]n individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 1 U.S.C. § 362(h).
Mr. Burr's case is still pending before the Bankruptcy Court. Therefore, the automatic stay is still in effect. A decision to grant relief from the bankruptcy stay is within the province of the Bankruptcy court. Neither plaintiff Jones nor third-party defendant Currytto requested relief from the stay. Both are "interested parties." This court could dispose of the motion to dismiss by requiring Mr. Currytto to petition the Bankruptcy Court for relief from the automatic stay before this court would take any action. If such relief is granted by the Bankruptcy Court, Mr. Currytto will be free to stand on his pending motion or to file an appropriate motion in this court to put an end to the litigation.
III. Whether The Automatic Stay Applies To This Case
"The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." Erti v. Paine Webber Jackson Curtis 765 F.2d 343, 347 (2d Cir. 1985). This rule applies whether or not the pending litigation is in federal or state court. In re Bona, 124 B.R. 11 (S.D.N.Y. 1991). This court has the power to find the automatic stay does not apply to this litigation. This decision will be final as "[a] bankruptcy court is precluded from relitigating judgments rendered by courts of competent jurisdiction, absent a showing that the judgment was procured by fraud or collusion." Id., 15, quoting Teachers Ins. 
Annuity Ass'n. v. Butler, 803 F.2d 61, 66 (2d Cir. 1986). Nevertheless, at least one court has noted there is a chance that one may "be held in contempt by a bankruptcy court for violating a stay, even if the form in which the violation occurred believed that the stay did not apply." Erti v. Paine Webber Jackson 
Curtis, Supra, 347, n. 2. If this court decides that the stay does CT Page 10390 not apply, it may waive the technical defects and dismiss the case once and for all. If the stay does not apply, relief from the Bankruptcy Court must first be obtained by "the parties in interest" (Mr Jones, Mr. Currytto, and/or Mr. Bruno) before this court can properly take action.
 The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove his into bankruptcy.
 The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to an to the detriment of other creditors (emphasis added).
Association of St. Croix, Supra, 448, quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977).
"Section 362 by its terms only stays proceedings against the debtor. The statute does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate." Id. The status of the debtor as the one against whom an action has been brought, or by whom an action has been brought, is determined at the time of the original proceeding. Teachers Ins. Annuity Ass'n. v. Butler, Supra, 65.
Section 362 applies to the commencement or continuation of an action. This stay provision is meant to protect the debtor from harassment and to relieve him from financial pressures. Further, the stay is meant to protect creditors from losing their "stake" in the estate. The withdrawal of plaintiff Jones' suit is not a continuance, but is in fact, an end to the action. In addition, a withdrawal of the pending suit furthers the goals of 362 mentioned above. Thus, although plaintiff Jones did not petition the Bankruptcy Court for relief, the withdrawal of the suit as to all defendants is not barred by the automatic stay.
All that remains of the case at bar is third-party plaintiffs' CT Page 10391 claim for indemnity. However, there is no longer an original claim against the third-party plaintiffs from which to be indemnified. Prevailing case law dictates that whether an action is "against the debtor", and therefore covered under the automatic stay, is determined at the time the original suit is filed. Third-party plaintiffs were the defendants in the original action. However, there is a compelling argument that since the original action was completely withdrawn as to the third-party plaintiffs, and no other claims other than the indemnity claim have been made by or against them in this suit, the action before the court today is not one "against the debtor." However, as long as the case at bar has the same docket number as the original action, it is a continuation of the original action and thus, is still technically "against the debtor."
The protections provided by the automatic stay for actions "against the debtor" are neither justified nor necessary in the case at bar. A dismissal of the suit is not going to harass or impede the debtor in his fresh start but, instead, will remove from the docket a worthless case in which he is a party. Further, creditors will not be prejudiced if this case is dismissed.
Policy arguments like the ones above may be more appropriate when asking a Bankruptcy Court for relief from an automatic stay. However, 362 was never meant to apply to a situation like the case at bar where all that remains of the action is essentially a docket number and case name. The history of the automatic stay shows that its protective reach was intended to prevent a debtor from being forced to concentrate on litigation so that he could focus on obtaining a fresh start. In addition, the stay was meant to prevent creditors from feeling compelled to drag the debtor to court on a first come — first served basis in order to preserve their claims. The automatic stay does not apply to a situation where a plaintiff's pending suit "against the debtor" has been withdrawn, the only remaining claim is a debtor's moot third-party claim for indemnity, the policies of 362 are not compromised, and all parties want only to clean up the docket. To rule otherwise and force the parties to request relief from the Bankruptcy Court would compromise effective and efficient justice. The attorneys for both Mr. Currytto and Mr. Burr are asked to contact one another. They should draft an order dismissing the case which the court should grant. All parties will be amenable as the Motion to Dismiss filed by Mr. Bruno, a duplicate of the one filed by Mr. Currytto, although technically deficient, was granted by agreement.
CT Page 10392 SYLVESTER, J.