**In re Vester Lee CORNELIOUS.**

**Vester Lee CORNELIOUS, Plaintiff,**

**v.**

**Jim BISHOP, in his official capacity as sheriff of Jackson County, Arkansas, Honorable Tom L. Hilburn, in his official capacity as Chancery Judge, Third Judicial District, State of Arkansas, Jackson County Chancery Court, Defendants.**

**Bankruptcy No. 97–44020.**
**Adversary No. 97–4181.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Sept. 9, 1997.

Vester Lee Cornelious, Little Rock, AR, pro se.

James Stallcup, Walnut Ridge, AR, for defendants.

### ORDER DISMISSING COMPLAINT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the complaint filed in this proceeding. This bankruptcy case was initiated by the filing of a skeletal chapter 13 petition in bankruptcy, on Thursday, September 4, 1997, at 12:01 p.m.[1] The debtor files *pro se.* This adversary proceeding was filed the same day, at 4:30 p.m.

According to the allegations of the complaint, the day prior to the filing of the petition in bankruptcy, Wednesday, September 3, 1997, the debtor was incarcerated for failure to pay past due child support payments. The complaint, entitled a "Petition for Writ of habeas Corpus Motion for Contempt," seeks release from incarceration and an Order finding the defendants in contempt of court for violating the automatic stay in bankruptcy.

First, the complaint fails to state a cause of action for which relief may be granted. Section 362 imposes a stay of any action to collect a debt after the petition in bankruptcy is filed. 11 U.S.C. § 362(a). One court has held that this includes revocation of probation and subsequent incarceration for failure to pay a criminal fine. *Hucke v. State of Oregon (In re Hucke),* 128 B.R. 675 (D.Or. 1991). However, in this case the incarceration of Cornelious occurred prior to the filing of the petition in bankruptcy. Since Cornelious was not a debtor under title 11, there was no automatic stay in place precluding a finding of contempt, imposition of a fine, or incarceration.[2] No stay being in effect at the time of the fine and incarceration, there can

---

1. The debtor's listing of only two creditors, both of whom are judgment creditors, combined with the timing of the petition, raise serious questions

regarding good faith in filing this petition.

2. The Court assumes, without deciding, that an

be no wilful violation of the stay. Accordingly, the complaint fails to state a claim for which relief may be granted and must be dismissed.

■ Second, this Court has no jurisdiction to entertain a Petition for Writ of Habeas Corpus. The modern authority for release from incarceration is found in 28 U.S.C. § 2241, *et seq.*, under which only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," has authority to issue such a writ. The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect.[3] Accordingly, this Court does not have the power to order the release of the debtor.

■ Finally, the defendant judge is entitled to judicial immunity. It is clear from the allegations of the complaint that the Chancery Court was acting within the bounds of his office. Judicial officers are immune from damage suits such as these. *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Briscoe v. La Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Mullen v. Galati*, 843 F.2d 293 (8th Cir.1988)(upholding award of rule 11 sanctions against plaintiffs where judges' actions were "unequivocally judicial in nature."); *Childs v. Reynoldson*, 777 F.2d 1305 (8th Cir.1985); *McCaw v. Winter*, 745 F.2d 533 (8th Cir.1984)(immunity of court clerk); *Smith v. Bacon*, 699 F.2d 434 (8th Cir.1983); *Birch v. Mazander*, 678 F.2d 754 (8th Cir.1982); *Billingsley v. Kyser*, 691 F.2d 388 (8th Cir.1982)(prosecutor immunity); *McClain v. Brown*, 587 F.2d 389 (8th Cir. 1978); *Harley v. Oliver*, 539 F.2d 1143 (8th Cir.1976); *Wiggins v. Hess*, 531 F.2d 920 (8th Cir.1976); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir.1976); *Cook v. Williams*, 651 F.Supp. 350 (E.D.Ark.), *aff'd*, 822 F.2d 1093 (8th Cir.1987); *Clark v. Campbell*, 514 F.Supp. 1300 (W.D.Ark.1981); *Orlando v. Wizel*, 443 F.Supp. 744 (W.D.Ark.1978). This rule holds true even where the action seeks damages for violation of the automatic stay. *Coates v. Peachtree Apartments (In re Coates)*, 108 B.R. 823 (Bankr.M.D.Ga. 1989)(court marshal protected by doctrine of judicial immunity from liability for violation of stay).

**ORDERED** that the Complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

---

order of contempt or imposition of a fine occurred. Taking all of the allegations of the complaint as true, the Court assumes that the imposition of a fine was civil in nature. Of course, if the matter is solely criminal in nature, the stay would have no effect. 11 U.S.C. § 362(b)(1).

**3.** There is some authority for filing a writ of habeas corpus in the bankruptcy court. In *In re Bona*, 110 B.R. 1012 (Bankr.S.D.N.Y.), *aff'd*, 124 B.R. 11 (S.D.N.Y.1991), the bankruptcy court determined that it had the authority to issue such writs. The district court, however, noting the problematic nature of the jurisdictional issue, declined to expressly decide whether the bankruptcy court had authority to order release from incarceration. *Bona*, 124 B.R. at 14. Bankruptcy judges may hear and determine (1) all cases under title 11; (2) all core proceedings arising under title 11; and (3) all core proceedings arising in a case under title 11. 28 U.S.C. § 157(b)(1). Matters "related to a case under title 11" may be referred to the bankruptcy court, but a bankruptcy judge may not enter a final order in a proceeding "related to a case under title 11" without the consent of all parties. 28 U.S.C. § 157(c). This Court holds that, where, as here, the debtor was incarcerated prior to the filing of a petition in bankruptcy, a motion for release constitutes a proceeding "related to a case under title 11."