**In re David C. LARSON and Valerie A. Larson, Debtors.**

**Bankruptcy No. 96–32800–7.**

United States Bankruptcy Court, W.D. Wisconsin.

April 9, 1999.

deemed allowed, unless objected to.

David C. Larson, Duluth, MN, Pro se.

Valerie A. Larson, Madison, WI, Pro se.

Michael E. Kepler, Kepler & Peyton, Madison, WI, Trustee.

## MEMORANDUM DECISION

### ROBERT D. MARTIN, Chief Judge.

The chapter 7 trustee filed a motion seeking approval of a stipulation entered into between the trustee and four related creditors of the estate. The stipulation provides for an accounting, payment of proceeds to the four creditors and a mutual release of any remaining claims. One of the debtors and an unrelated creditor filed objections to the motion.

The objecting debtor, David C. Larson, is currently incarcerated. Mr. Larson has requested that this court issue a writ of habeas corpus ad testificandum so that he might be present for the trial. The motion alternatively request an extension of time for the hearing. Mr. Larson claims to have new evidence that could affect the outcome of the bankruptcy case and asks to be present to "defend [him]self from inaccurate claims and actions."

■ Generally, prisoners who bring civil actions have no absolute right to be present at any stage of the proceedings. *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980) (citing *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). Whether the Debtor is deemed to have commenced this action by filing this bankruptcy case or is deemed to be a defendant in an adversary proceeding is not dispositive of his right to be present. Courts have the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In concert with 28 U.S.C. § 2241, this power extends to the issuance of a writ commanding the presence of a prisoner in court. Section 2241 provides that a writ of habeas corpus may be issued by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241 (1998). It is not clear whether a

bankruptcy court as an adjunct of the district court has independent authority to issue such a writ. *See In re Cornelious*, 214 B.R. 588 (Bankr.E.D.Ark.1997) (finding no authority in bankruptcy court to issue writ of habeas corpus); *In re Bona*, 124 B.R. 11 (S.D.N.Y.1991) (discussing the doubtful authority of bankruptcy courts to issue writs of habeas corpus).

■ The *Cornelious* and *Bona* cases differ from the present case in one important respect: The debtors in each of those cases were seeking permanent release from prison. This alone does not resolve the problem as § 2241 specifically includes writs of habeas corpus ad testificandum. 28 U.S.C. § 2241(c)(5) states "The writ of habeas corpus shall not extend to a prisoner unless—... (5) It is necessary to bring him into court to testify or for trial." Because of the questionable statutory authority of bankruptcy courts to issue writs of habeas corpus, if it appeared that the Debtor were entitled to the issuance of the writ, this court would certify the matter to the district court, with a recommendation that the writ be issued by that court.

■ The issuance of a writ of habeas corpus ad testificandum is committed to the discretion of the court. *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir.1976) (citing *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). The Seventh Circuit has laid out eight factors to be considered by a court in determining whether it should issue a writ of habeas corpus ad testificandum:

1) The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom;

2) Any potential danger or security risks which the presence of the prisoner would pose to the court;

3) Whether the matter at issue is substantial;

4) The need for an early determination;

5) The possibility of delaying trial until the prisoner is released;

6) The probability of success on the merits;

7) The integrity of the correctional system;

8) The interests of the inmate in presenting his testimony in person rather than by deposition.

*Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976). Because the issuance of the writ is discretionary, no one factor is dispositive of the analysis.

■ My consideration of the factors suggests that a writ should not issue for Mr. Larson. Several of the factors indicate that the presence of Mr. Larson is not necessary. First, the matter at issue is not substantial. The motion before the court is for the approval of a stipulation that is unlikely to have any impact on Mr. Larson's rights. Second, there is little likelihood that Mr. Larson's objection will succeed. The trustee evidently has considered the terms of the stipulation and determined the agreement to be in the best interests of the estate. Mr. Larson provides no indication that he has any relevant evidence that would militate against approving the stipulation. Third, despite the fact that Mr. Larson is proceeding pro se, his interests in appearing in person are slight. Mr. Larson claims to have documents relevant to the case. There seems to be no reason that he cannot submit the documents without making an appearance in court. Further, it appears that his wife (and discharged co-debtor) prepared his motion requesting the issuance of the writ and did in fact sign the motion as his "attorney in fact." Thus, Mr. Larson would not necessarily go unrepresented at the hearing. Finally, either party to the stipulation is free to call Mr. Larson as a witness if they feel he has information relevant to the hearing.

The motion for extension of time does not indicate how much of a delay is requested. However, it seems that Mr. Larson is seeking to delay the hearing until his release from prison. While the court does not know exactly when this release may occur, there is not adequate justification to delay the hearing until Mr. Larson's incarceration ends.

Given the complete lack of support for the motion presented by Mr. Larson, the motion for a writ to appear or to extend time of hearing is denied. An order may be entered accordingly.