In re Steven Lamont WOMACK.

Steven L. Womack, Plaintiff,

v.

Hon. Robin L. Mays, Fourth Division, Defendants Chancery Court; Hon. Dara A. Hall, Special. Deputy Prosecutor, and Office Of Child Support Enforcement.

Bankruptcy No. 00–43567 S.
Adversary No. 00–4113.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division

Sept. 25, 2000.

David D. Coop, Chapter 13 Trustee, Little Rock, AR.

Steven Lamont Womack, Little Rock, AR.

### ORDER DISMISSING COMPLAINT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the court's *sua sponte* Order to Show Cause, issued on August 23, 2000.

The *pro se* debtor commenced this case by the filing of a skeletal chapter 13 petition on Monday, August 14, 2000. The petition listed only one creditor, the Office of Child Support Enforcement. By the order entered on August 23, 2000, the court dismissed the complaint as to the state court judge and prosecuting attor-

ney, on the grounds that they are immune from suit. Noting that the remaining defendant appeared to be an arm of the state and that the complaint failed to state a claim for which relief could be granted, the Court directed the debtor to show cause why the proceeding should not be dismissed. The debtor filed a motion to vacate the Order of August 23, 2000, which was denied on August 30, 2000.

■ The adversary complaint alleges that debtor filed a bankruptcy case, gave the defendants notice of the commencement of the case, and that they have refused to abide by the automatic stay in that they have continued to enforce collection of child support arrearages. The complaint seeks $12,000 in damages from the defendant Office of Child Support Enforcement for willful violation of the automatic stay in seeking to collect child support arrearages.[1] No specific acts regarding collection are alleged. The adversary complaint also requests that the debtor be released from incarceration. Thus, under the guise of arguing the applicability of the automatic stay in bankruptcy, the debtor seeks the relief afforded by a writ of habeas corpus.[2]

■ It is well settled that a Court must examine whether it has subject matter jurisdiction over any proceeding. In this case, the debtor has also requested sanctions in the amount of $12,000 against a state agency. The Eleventh Amendment, a limit on the jurisdiction of the federal courts, states: "The judicial power of the United States does not extend to suit against a state by citizens of another state." Thus, the Eleventh Amendment precludes, absent a waiver of sovereign immunity either by the United States Congress pursuant to a valid power or by the state itself, suit against the state instrumentality in the federal court. That is, the Eleventh Amendment prevents Congress from passing laws that permit suits against a state without the state's consent.

■ Since the Supreme Court decision in *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the courts have consistently applied *Seminole* to preclude suits in the bankruptcy context against state agencies which have not waived sovereign immunity in the bankruptcy case. *See, e.g., NVR Homes, Inc. v. Moon Area School District (In re NVR, LP),* 189 F.3d 442 (4th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 936, 145 L.Ed.2d 815 (2000); *Innes v. Kansas State University (In re Innes),* 184 F.3d 1275 (10th Cir. 1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1530, 146 L.Ed.2d 345 (2000); *Sacred Heart Hospital of Norristown v. Commonwealth of Pennsylvania, (In re Sacred Heart Hospital of Norristown),* 133 F.3d 237 (3d Cir.1998); *Schlossberg v. State of Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140 (4th Cir.1997), *cert. denied,* 523 U.S. 1075, 118 S.Ct. 1517, 140 L.Ed.2d 670 (1998); *see Rose v. U.S. Department of Education (In re Rose),* 187 F.3d 926 (8th Cir.1999).[3]

---

1. Debtor proposes to fund his chapter 13 plan with these funds. This is the only source of funds for the plan. His only creditor is the defendant. Thus, the debtor sues the child support enforcement agency in order to fund his payment of child support arrearages.

2. Inasmuch as the debtor has been released from incarceration, that claim for relief is moot. In any event, this Court does not have the authority to issue a writ of habeas corpus. 28 U.S.C. § 2241, *et seq.,* (only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," has authority to issue such a writ). The statute which permitted the bank-

ruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect.

3. Of course, the Eleventh Amendment is not a talisman providing state agencies with the authority or right to ignore federal law. The state and its agencies are bound by federal law, just as any other creditor. The state must respect and comply with the Bankruptcy Code, including provisions regarding the automatic stay, 11 U.S.C. § 362, the discharge injunction, 11 U.S.C. § 524, and prohibitions against discriminatory treatment, 11 U.S.C. § 525. Thus, although, absent a waiver, a suit may not be maintained in the federal bankruptcy court against the state to enforce

The Eleventh Amendment, therefore, precludes the debtor from suing an agency of the State of Arkansas, absent its consent or effective waiver. Based upon the foregoing, it is

**ORDERED** that this adversary proceeding is dismissed.

**IT IS SO ORDERED.**

the Bankruptcy Code, the state is still obligated to comply with the provisions of the Code.