**In re Thomas R. KLUEVER and Kathleen M. Kluever, Debtor.**

**No. 07–2087–3F7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 8, 2007.

Stephen E. Silkowski, Jacksonville, FL, for Debtor.

## ORDER DENYING DEBTOR'S EMERGENCY MOTION FOR WRIT OF MANDAMUS, HABEAS CORPUS, OR SIMILAR RELIEF

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Debtor's Emergency Motion for Writ of Mandamus, Habeas Corpus, or Similar Relief. Debtor filed this Chapter 7 bankruptcy case on May 21, 2007. On Schedule E of his bankruptcy petition, Debtor lists the State of Wisconsin, which claims he owes in excess of $36,000 for past due child

support, as a creditor. Debtor alleges that on May 30, 2007 he was arrested and incarcerated in Citrus County Florida as the result of a warrant issued in Wisconsin for failure to pay child support. Debtor asserts that his arrest and incarceration are an attempt to collect a debt from property of his bankruptcy estate and therefore violate the automatic stay. Debtor seeks to have this Court issue a Writ of Mandamus, Habeas Corpus, or Similar Relief pursuant to 11 U.S.C. § 105 directing that he be released from jail.

Section 105 of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, section 2241(a) of Chapter 28 of the United States Code provides that "[w]rits of habeas corpus may be granted by the *Supreme Court,* any justice thereof, the *district courts* and any *circuit judge* within their respective jurisdictions." (emphasis added). Section 2241(a) does not imbue bankruptcy courts with the authority to issue writs of habeas corpus. Accordingly, bankruptcy courts lack such authority. *See Bryan v. Rainwater (In re Rainwater),* 254 B.R. 273, 276 (N.D.Ala.2000). *In re Cornelious,* 214 B.R. 588, 589 (Bankr.E.D.Ark.1997). Upon the foregoing, it is

**ORDERED:**

1. Debtor's Emergency Motion for Writ of Mandamus, Habeas Corpus, or Similar Relief is denied.

2. The entry of this Order is without prejudice to Debtor seeking relief in an appropriate forum.

3. Assuming the truth of Debtor's allegations, the Court makes no determination as to whether Wisconsin's actions violated the automatic stay.