In the Matter of Curley WILLIAMS and Mary H. Williams, Debtors.

Curley WILLIAMS and Mary H. Williams, Plaintiffs,

v.

The STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Nyjola Grybauskas, Defendants.

Bankruptcy No. 86–1451.
Adv. No. 86–349.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 17, 1987.

Walter Meginniss, Asst. Atty. Gen., Tallahassee, Fla., for State of Fla.

William A. Borja, Clearwater, Fla., for N. Grybauskas.

James M. Heptner, Tampa, Fla., for plaintiff.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case, and the matter under consideration is a Complaint filed

by Curley Williams and Mary H. Williams, his wife, (Debtors), against the State of Florida, Department of Health and Rehabilitative Services (HRS), and Nyjola Grybauskas, an attorney who is an independent contractor for HRS (Ms. Grybauskas). The claim for relief of the Debtors is based on the contention that Ms. Grybauskas acting on behalf of HRS willfully violated the automatic stay imposed by § 362 of the Bankruptcy Code and, therefore, by virtue of § 362(h) they are entitled to recover the actual damages including costs and attorney fees from the Defendants. The relevant facts as they appear from the record established at the final evidentiary hearing are as follows:

On April 16, 1986, the Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. On April 28, 1986, the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, issued an Order of Arrest and Confinement for Mr. Williams for his failure to make child support payments due to HRS. Pursuant to this Order, on May 8, 1986, Curley Williams was arrested and jailed. The arrest order, which was in the nature of a contempt citation, provided that Curley Williams would be released from jail if he purged himself by the payment of $2,000.00.

After Mr. Williams' arrest, Mrs. Williams, his wife, met with Ms. Grybauskas, the attorney who handled Williams' case on behalf of the HRS, and requested that HRS reduce the purge amount in order to obtain a release of her husband from confinement. Mrs. Williams alleges that at that meeting, which took place either May 13 or May 14, she told Ms. Grybauskas of the pending bankruptcy. On the other hand, Ms. Grybauskas claims that Mary Williams did not inform her of the pending bankruptcy and that she did not learn that the Debtors were in bankruptcy until she was served with this Complaint in July 1986. In any event, Ms. Grybauskas agreed to reduce the purge to $1,000.00 and prepared an appropriate order for the signature of the circuit judge. This order was signed on May 15, and Ms. Grybauskas delivered the order to the clerk's office for processing on May 15.

When Ms. Williams learned that the purge had been reduced, she began her efforts to collect the $1,000.00 necessary to release her husband from jail. She contacted her husband's employer, who agreed to give her $500.00 in lieu of two weeks vacation due her husband, and to loan her an additional $500.00. Ms. Williams paid the $1,000.00 purge, and on May 22 Mr. Williams was released from jail.

■ The Debtors allege that the Order of Arrest and Confinement was issued on Ms. Grybauskas' request and that Ms. Grybauskas' actions in obtaining the Order of Arrest and Confinement was a willful violation of the automatic stay imposed by § 362 of the Bankruptcy Code. Their claim against HRS is founded on the allegation that Ms. Grybauskas is an agent of HRS, and as Ms. Grybauskas' principal, HRS is liable for her conduct. The Debtors assert that pursuant to § 362(h) of the Bankruptcy Code, the Debtors are entitled to recover damages, including costs and attorneys fees, and punitive damages. In order to impose liability pursuant to § 362(h), the Debtors must first establish that the automatic stay of § 362 is applicable to Ms. Grybauskas' conduct.

Section 362(b)(2) provides that:

The filing of a Petition under section 301, 302, or 303 of this title does not operate as a stay—

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate.

The Debtors concede that Ms. Grybauskas' act was an act to collect support, but urge that she nonetheless violated the stay by attempting to collect the support from property of the estate. While it is true that in a Chapter 13 case the Debtor's future earnings are property of the estate, § 1306(a)(2), the fact that the Debtors chose to use future earnings to purge the contempt citation does not mean that Ms. Grybauskas attempted to collect property of the estate. The Order of Arrest and Confinement was in the nature of a contempt citation for nonpayment of child sup-

port obligation, and it was immaterial to Ms. Grybauskas or to HRS where Mr. Williams got the money to purge the contempt. In fact, $500.00 of the money was borrowed and was not property of the estate. Based on the foregoing, this Court is satisfied that § 362 does not apply to the conduct of Ms. Grybauskas, and thus she cannot be found to have acted in violation of § 362.

 Even if § 362 did apply, an assumption not supported by this record, the Debtors could not succeed in this action for several reasons. First of all, the Debtors did not establish that Ms. Grybauskas obtained the Order of Arrest and Confinement, which is the act complained of and an essential element in asserting a willful violation of the automatic stay. This element inferred from the evidence that Ms. Grybauskas was the person who was able to reduce the purge amount of the order, but at no time did the Debtors establish that Ms. Grybauskas' actions, in fact, resulted in the issuance of the Order of Arrest and Confinement. Second of all, the Debtors did not establish with clear and convincing evidence that Ms. Grybauskas had notice of the pendency of the bankruptcy case. Neither HRS nor Ms. Grybauskas received official notice from this Court, and Ms. Grybauskas disputes that Mrs. Williams informed her of the pendency of the case. At best, the evidence as to notice is at equilibrium, and thus the Debtors did not sustain their burden of proof on this point. Without notice of the pendency of the bankruptcy case, Ms. Grybauskas' actions cannot be characterized as willful. Since the only theory of liability against HRS is as principal of Ms. Grybauskas, and since Ms. Grybauskas has been found not liable, there is no basis to impose liability on HRS.

Inasmuch as the liability sought to be imposed on HRS is only based on its role as a principal allegedly liable for the violations of its agent, Ms. Grybauskas, and since the Debtors failed to establish a willful violation against Ms. Grybauskas, the Complaint shall be dismissed with prejudice against both Defendants.

A separate final judgment shall be entered in accordance with the foregoing.