**In re John Alan MANN, Sr., Debtor.**

**Bankruptcy No. 88–02331–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

July 7, 1988.

Gary D. Malfeld, Coral Gables, Fla., for debtor.

Robert L. Roth, Miami, Fla., Trustee.

## ORDER ON DEBTOR'S EMERGENCY MOTION

THOMAS C. BRITTON, Chief Judge.

This debtor's "Emergency Petition for Order Enforcing Automatic Stay" (CP 2) filed June 17 was heard by me on July 7 in Judge Weaver's absence. The motion is denied.

### The Debtor's Plan

The debtor's chapter 13 petition was filed June 16 without a Plan which was required to be filed not later than July 1. B.R. 3015. At the hearing, the debtor moved orally for extension of time to file this document, without which no notice is given to creditors and no hearings are scheduled. The oral motion is granted to permit the debtor through Monday, July 11 to file the Plan,

or to file a written election to convert this case to chapter 7. If he defaults, this case will be dismissed without further notice or hearing.

### The Relief Sought

The relief sought by the debtor is that this court:

"Enter an Order enforcing automatic stay specifically with regard to contempt proceedings against the Petitioner case no. 85–13816 (21) of the Family Division of the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida [In Re: The Marriage of: Sharla K.B. Mann, Petitioner, and John Alan Mann, Sr., Respondent]

"Indicate in said order that it is specifically enforceable upon the Circuit Court of the Eleventh Judicial Circuit of Florida, and is further enforceable upon Sharla K.B. Mann."

At the hearing, movant stated that Judge Weaver had refused to either enjoin or impose sanctions upon the State Court or Judge Tanksley of that court, and movant abandoned that portion of his prayer.

### The Circumstances

The debtor has failed to pay alimony and child support totalling $70 a month as required by the State Court. He presently owes over $10,000. A special master has recommended, following a hearing held June 15 (the day before bankruptcy), that the debtor pay $1,500 or go to jail. The debtor states he has asked Judge Tanksley to take no action in view of his bankruptcy filing and that the Judge intends to hold a hearing upon the master's recommendation. The hearing has not yet been set.

### Injunctive Relief Not Available on Motion

■ The motion seeks either injunctive relief or contempt sanctions against Mrs. Mann. Injunctive relief may be sought only by an adversary complaint. B.R. 7001. It is not available on this motion.

### Sanctions Unjustified

■ Sanctions against Mrs. Mann are inappropriate. She is not an attorney and is unable to afford counsel. The motion contains no allegations as to her. If she is in contempt of this court, movant has failed even to make such a charge.

### Movant's Remedy Lies in State Court

■ Movant's apparent grievance is, in his words:

"Petitioner recognizes his obligations to his wife and minor child but the orders of the Court are totally unrealistic in light of Petitioner's reduced income. After assignment of indebtedness incurred by wife to petitioner his total obligations are more than $27,000 and assets of less than $5,000." (CP 2, 2).

If his grievance is valid, his remedy is readily available through the State, from the trial court or, through appeal or extraordinary writ, from the appellate court. This federal court, which must and should accord full faith and credit to the State court's proceedings, has no appellate or supervisory jurisdiction with respect to that court.

■ Alternatively, if there be any jurisdiction in this court to do so, then pursuant to 28 U.S.C. § 1334(c)(1), in the interest of comity with the State court and in respect for State law, this court abstains from directly or indirectly reviewing or reconsidering the State court's fixing and enforcing the debtor's alimony and child support obligations.

For that purpose, *if necessary*, the automatic stay provided in 11 U.S.C. § 362(a) is lifted to permit Mrs. Mann and the State court to proceed.

### The Automatic Stay (11 U.S.C. § 362)

■ I have deferred to this point consideration of the automatic stay, because for the reasons stated above it is not reached by this emergency motion. There are three additional reasons this court should not conclude that the automatic stay has been ignored:

(1) Movant has already placed that issue before Judge Tanksley, who has at least concurrent jurisdiction with this court to consider the applicability of the stay.

(2) Movant has not made it appear that the second statutory *exception* from the automatic stay is inapplicable:

"the collection of alimony, maintenance, or support from property that is not property of the estate". 362(b)(2).

At the hearing, the debtor said he is considering conversion to chapter 7. If he does so, his future earnings and his exempt property would be available. If he remains in chapter 13, perhaps the friend who is financing this bankruptcy for him will help him meet rather than resist this obligation to his family. *Matter of Williams,* 72 B.R. 508 (Bankr.M.D.Fla.1987).

(3) The debt in question here is not dischargeable in bankruptcy. 11 U.S.C. §§ 523(a)(5) and 1328(a)(2).[1] I fail to see, therefore, how the State court's enforcement of a nondischargeable debt will interfere with the exercise of this court's jurisdiction. If it does not, there is no occasion for injunctive relief or sanctions, nor any legitimate reason to deny stay relief if necessary for the enforcement of that debt.

### Conclusion

The debtor wants this court to exercise discretionary or appellate jurisdiction vested in the State courts. His remedy lies there, not here. His motion is denied.

This lengthy discussion is prompted by the fact that the debtor may seek review of this Order. That is certainly his right. His ex-wife and the State court judge are the only other interested parties and neither can defend such an appeal. The reviewing court is entitled to this court's reasoning.

---

1. If the debtor believes otherwise, he can raise that issue before the State court, which has concurrent jurisdiction with this court of this issue, or he may present that issue here by adversary complaint pursuant to B.R. 7001. It is not raised by this motion.