**In the Matter of Johnny Bruce DAUGHERTY, a/k/a John Daughtery, dba John's Pit Stop, Debtor.**

**Bankruptcy No. BK90–40205.**

United States Bankruptcy Court, D. Nebraska.

June 25, 1990.

Dennis D. King, Gordon, Neb., for Sheridan County, Neb.

Richard A. Birch, North Platte, Neb., for debtor.

Philip M. Kelly, Scottsbluff, Neb., trustee.

Patricia M. Dugan, Omaha, Neb., Asst. U.S. Trustee.

## MEMORANDA

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

THIS MATTER comes before the court on a Motion for Relief From the Automatic Stay (Fil. # 17) to collect delinquent child support payments.

### FACTS

The debtor, John Daugherty, filed Chapter 7 bankruptcy on February 20, 1990. He is in default of child support payments with $1,819.61 past due.

The Motion for Relief was filed by the Deputy County Attorney for Sheridan County. In accordance with Neb.Rev.Stat. Section 43–512.01 (1988), the Deputy County Attorney was appointed by the District Court of Sheridan County, Nebraska to commence a contempt proceeding against the debtor for the collection of the delinquent child support payments. The County Attorney thus seeks relief from the automatic stay in order to enforce and collect child support obligations.

## DISCUSSION

Under Section 362(b)(2) the automatic stay does not bar acts to collect "alimony, maintenance, or support *from property that is not property of the estate."* *See* Section 362(b)(2) (emphasis added). Congress anticipated the difficulties of the non-debtor spouse in collecting alimony, maintenance, or support and provided a narrow exception to the automatic stay for such collection. The exception is subject to two conditions.

■ First, an action may be brought only to enforce claims which are for alimony, maintenance or support. The exception to the automatic stay for alimony, maintenance, or support does not permit the commencement or continuation of an action to collect an obligation which relates to the division of property between spouses.

■ Second, the exception does not permit enforcement against property of the estate. It is thus clear that even during the pendency of a bankruptcy case, actions may be taken under state law to collect alimony, maintenance, or support without obtaining relief from the automatic stay, *provided* that the collection is from property that is *not* property of the estate. The practical problem for the non-debtor spouse is that it is difficult to determine whether a particular claim is for alimony, maintenance or support, or, alternatively, a property settlement claim. The automatic stay would be violated by an attempt to collect obligations other than those for alimony, maintenance or support. *See* Section 362(b)(2); *In re Gianakas*, 112 B.R. 737, 741 (W.D.Pa.1990).

■ Because of the difficulty in determining whether a particular claim qualifies for the Section 362(b)(2) exception, the filing of motions for relief from the automatic stay for the purpose of collecting alimony, maintenance or support was a routine practice in Nebraska until the recent imposition of a $60.00 filing fee for all motions for relief. The imposition of a flat $60.00 fee is inherently unfair in some cases. Section 362, in effect, imposes an ex parte injunction on creditors. The new filing fee conditions relief from the injunction upon the creditor's payment of a fixed fee. The fee is particularly unfair when the amount in controversy is nominal and where the non-debtor party has limited funds. Claims arising in consumer transactions and in domestic relations cases may involve an amount in controversy less than the filing fee. Thus, the payment of the fee may create an undue financial burden on some parties. Nevertheless, if there is any doubt as to whether Section 362(b)(2) applies, the prudent practitioner should seek relief from the automatic stay prior to filing an action in state court. *See In re Cline*, 114 B.R. 665 (Bkrtcy.D.Neb.1990).

■ The distinction between obligations for alimony, maintenance, or support and obligations related to a property settlement will determine the applicability of the automatic stay. This distinction is critical. The language of state court judgments and decrees in divorce cases should clearly specify which obligations are for alimony, maintenance, or support and which obligations represent a division of property. *See, e.g., Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir.1983); *Draper v. Draper*, 790 F.2d 52, 54 & n. 3 (8th Cir.1986); *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir.1984); *In re Coil*, 680 F.2d 1170, 1171 (7th Cir.1982); *In re Goin*, 808 F.2d 1391 (10th Cir.1987); *In re Bell*, 47 B.R. 284 (Bkrtcy.E.D.N.Y.1985); *In re Cline*, 114 B.R. 665, (Bkrtcy.D.Neb.1990). It should be noted, however, that the interpretation and construction of 11 U.S.C. Section 362(b)(2) is a federal question. Federal courts are not bound by the "alimony," "maintenance" and "support" terminology used in state court decrees and judgments. Thus, a property settlement claim cannot be converted into a nondischargeable claim for alimony, maintenance or support simply by referring to the claim in the state court decree as a claim for "alimony," "maintenance" or "support." Whether a particular obligation constitutes a claim for alimony, maintenance or support will be determined by the bankruptcy court. *See Williams*, 703 F.2d at 1056–57; *In re Gianakas*, 112 B.R. at 741. From a practical planning perspective, this means that counsel should

take great care in formulating judgments, decrees and property settlement agreements so as to set forth therein the intention of the parties and the facts, circumstances and rationale underlying the classification of claims as alimony, maintenance or support.

If a claim is for alimony, maintenance or support under Section 362(b)(2), the next issue is to determine whether a contemplated collection effort will be against property of the estate. The phrase "property of the estate" is defined in Section 541. This definition applies in Chapter 7 and Chapter 11 cases. The bankruptcy estate is expanded beyond Section 541 in Chapter 13 and Chapter 12 cases by Sections 1306 and 1207.

■■■ In a Chapter 7 and a Chapter 11 case, property of the estate under Section 541 does not include earnings from personal services which arise after the bankruptcy petition is filed. *See Clark v. First City Bank (Matter of Clark)*, 891 F.2d 111 (5th Cir.1989); *Matter of Hellums*, 772 F.2d 379 (7th Cir.1985). Therefore, a Chapter 7 or Chapter 11 debtor's post-petition wages may be garnished to enforce claims for alimony, maintenance, or support without obtaining relief from the stay. To the extent permitted by state law, such claims could be enforced against any other property which does not constitute property of the bankruptcy estate, including any property which has been abandoned by a Chapter 7 Trustee.

■■■ In a Chapter 13 and a Chapter 12 case, the definition of property of the estate in Section 541 is applicable, but is expanded by Sections 1306 and 1207. Under Sections 1306 and 1207, the debtor's post-petition earnings from personal services are property of the estate. As long as the wages constitute property of the estate, the automatic stay bars garnishment. However, unless otherwise provided in the plan or order confirming the plan, confirmation vests all property of the estate in the debtor. *See* Sections 1327(b); 1227(b); *Laughlin v. United States Internal Revenue Service*, 98 B.R. 494 (D.Neb.1989). Thus, in a Chapter 13 and a Chapter 12 case, the automatic stay prohibits enforcement or collection of obligations of the debtor for alimony, maintenance, or support from property of the estate, including wages earned by the debtor before confirmation. After confirmation of a Chapter 13 or Chapter 12 plan, the non-debtor spouse is not stayed from pursuing claims for alimony, maintenance, or support against property of the debtor. Unless otherwise provided in the plan or the order confirming the plan, "property of the debtor" will include wages which arose after confirmation, property which vested in the debtor upon confirmation, and property received by the debtor after confirmation.

■■■ The conclusion that the automatic stay does not apply to prohibit the collection of alimony, maintenance, and support is consistent with the discharge provisions of Sections 727 and 523. A party should not be granted relief from the automatic stay, whether by court order or by statute, to enforce a claim which will be discharged in the bankruptcy case. Under Section 523(a)(5), a debt to a spouse, former spouse, or child of the debtor for alimony, maintenance, or support is excepted from discharge. These debts survive bankruptcy and are properly subject to enforcement actions. It is clear, however, that obligations which arise from a division of marital property are dischargeable to the extent that such obligations do not involve alimony, maintenance, or support. *See Bush v. Taylor*, 893 F.2d 962 (8th Cir.1990).

■■■ On the facts of the instant case, the obligation sought to be enforced by the Deputy County Attorney is a child support obligation. The obligation is within the Section 362(b)(2) exception to the automatic stay. Further, this is a Chapter 7 case and the Deputy County Attorney seeks to collect the obligation from debtor's post-petition wages. The wages are not property of the Chapter 7 bankruptcy estate. Therefore, I conclude that the Deputy County Attorney is entitled to enforce the debtor's child support obligation without obtaining relief from the stay.