In re Victor W. KEARNS Jr., Debtor.

Victor W. KEARNS, Jr.,
Plaintiff/Appellant,

v.

James R. ORR, Bennett, Lytle, Wetzler, Winn & Martin; Lynda J. Leibner; Peggy A. Elliott; and Honorable Larry McClain, Defendants/Appellees.

No. 92–2448–KHV.

United States District Court,
D. Kansas.

Nov. 24, 1993.

Victor William Kearns, Jr., pro se.

Bruce F. Landeck, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, KS, for James R. Orr, Bennett, Lytle, Wetzler, Winn & Martin.

J. Patrick Shepard, Hazelton, Laner & Bason, Kansas City, MO, for Lynda J. Leibner fka Lynda J. Kearns.

Carl A. Gallagher, Office of the Atty. Gen., Topeka, KS, for Larry McClain.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the court on appeal from various orders of the United States Bankruptcy Court granting appellees' motions to dismiss. On May 22, 1991, Victor William Kearns, Jr., filed for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et al.*[1] See Case No. 91–21100–7, United States Bankruptcy Court for the District of Kansas. On September 8, 1992, Kearns filed an adversary complaint under § 362(h) against his ex-wife Lynda J. Leibner, the law firm of Bennett, Lytle, Wetzler, Winn & Martin [Bennett Lytle], James R. Orr (a partner with Bennett Lytle who represented Leibner), Johnson County District Court Trustee Peggy A. Elliott, and Johnson County District Judge Larry McClain. In that complaint, Kearns claimed that defendants had brought, prosecuted, and/or adjudicated contempt proceedings against him in state court for failure to pay maintenance and child support, and that such conduct constituted a willful violation of the automatic stay. Defendants filed motions to dismiss and on November 13, 1992, the bankruptcy court sustained those motions as to Orr, Bennett Lytle, Elliott and McClain. On February 17, 1993, the bankruptcy court entered an order of dismissal as to Leibner. Kearns claims that these orders were erroneous as a matter of law, and he appeals them to this court.[2]

Having thoroughly reviewed the briefs of the parties and the record from the bankruptcy court, the court has determined that the facts and legal arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument. Accordingly, oral argument will not be allowed pursuant to Bankruptcy Rule 8012.

In dismissing Kearns' complaint, the bankruptcy court held that defendants did not violate the automatic stay because (1) § 362(b)(2) provides an exception from the stay for the collection of alimony or support from property that is not property of the estate, and (2) Kearns' post-petition earnings were not property of the estate under § 523(a)(6). As to defendant McClain, the bankruptcy court found that the doctrine of absolute judicial immunity barred Kearns' complaint.

An order granting a motion to dismiss is subject to *de novo* review. *See Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). When considering a motion to dismiss, the court must assume plaintiff's factual allegations to be true. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). The court may not grant a motion to dismiss "unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kennedy v. Meacham*, 540 F.2d 1057, 1060 (10th Cir.1976) (citations omitted).[3]

---

1. All statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101, *et al.*

2. Kearns also states that he appeals whether defendant McClain had standing to object to discovery by Kearns of Judge Janette Sheldon. Kearns does not, however, cite to any ruling by the bankruptcy court on this issue and, therefore, it is not properly before the court on appeal.

3. The motions to dismiss filed by Elliott, Leibner, Orr and Bennett Lytle included matters contained outside the pleadings. Rule 12(b) of the Federal Rules of Civil Procedure, which applies pursuant to Bankruptcy Rule 7012(b), requires that the court consider the motions as Rule 56 motions for summary judgment, unless it excludes the supplemental matters. If the court considers the motions as motions for summary judgment, however, Rule 12(b) requires that all parties be given a reasonable opportunity to present all material relevant to such a motion. In this case the record is unclear whether the

### A. *Mootness*

■ On January 5, 1993, the bankruptcy court denied Kearns a discharge in bankruptcy under §§ 727(a)(3) and (a)(4)(A). Specifically, the bankruptcy court held that Kearns had failed to keep adequate records, made false oaths at the § 341 creditors meeting, and had failed to disclose all interests and transfers in real estate. Defendants argue that in light of the denial of discharge, this appeal is moot for lack of case or controversy.[4] On consideration, however, the court has concluded that an action for willful violation of the automatic stay under § 362(h) can be maintained even after the underlying bankruptcy proceedings have terminated. *Price v. Rochford,* 947 F.2d 829, 830 (7th Cir.1991) (debtor whose bankruptcy case was dismissed three times could bring § 362(h) claim for willful violation of automatic stay after last petition had been dismissed). *See also Carroll v. Tri–Growth Centre City, Ltd.,* 903 F.2d 1266, 1270 (9th Cir.1990) (appeal of alleged stay violation not moot where appellant did not limit suit to injunctive relief but also sought money damages). Therefore, the court will address the merits of this appeal.[5]

### B. *Judicial Immunity*

■ Whether a judge is immune from suit depends upon whether, at the time of the challenged action, he or she had jurisdiction over the subject matter of the issue presented for decision. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). The scope of jurisdiction must be construed broadly, however, and a judge is entitled to immunity even if he or she acted

in error, maliciously, or outside the scope of his or her authority. *Id.* Moreover, a judge is subject to liability only for action in the clear absence of all jurisdiction. *Stump,* 435 U.S. at 356–357, 98 S.Ct. at 1104–05.

■ Kearns alleges that defendant McClain (1) lacked jurisdiction and authority to lift or modify the bankruptcy stay; (2) acted outside the scope of his authority; and (3) disregarded Kearns' rights afforded under the Bankruptcy Code. These allegations are precisely the type which fall under the doctrine of absolute judicial immunity. *See, e.g., Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir.1986) ("judges should be at liberty to exercise their functions with independence and without fear of consequences") (quoting *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967)).

At most, Kearns alleges that defendant McClain acted maliciously and outside the scope of his authority. Although there is a split of authority on the issue, many courts have held that nonbankruptcy courts have concurrent jurisdiction to determine whether the automatic stay applies to nonbankruptcy proceedings before the court. *See, e.g., NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir.1986); *In re Baldwin–United Corp. Litigation,* 765 F.2d 343, 347 (2d Cir.1985); *In re Bona,* 124 B.R. 11, 15 (S.D.N.Y.1991); *In re Mann,* 88 B.R. 427, 429 (Bankr.S.D.Fla.1988). *See also Smith–St. John Manuf. Co. v. Price,* 1989 WL 7922, Case No. 88–2108 (D.Kan. Jan. 9, 1989) (without addressing jurisdiction district court held automatic stay did not apply to contempt proceedings).[6] In light of these au-

---

bankruptcy court considered matters presented outside the pleadings, and there is no indication that the parties were given reasonable opportunity to present all relevant material. Therefore, on appeal, this court will exclude the supplemental matters and review the motions to dismiss based solely on pleadings before the bankruptcy court.

4. On September 22, 1993, the court entered an order to show cause why this appeal should not be dismissed as moot. The parties have since filed responses to that order.

5. The bankruptcy court has not dismissed or closed Kearns' bankruptcy case, due to pending administrative proceedings and various appeals. Even if the bankruptcy were closed or dismissed, however, this court (and the bankruptcy court)

would retain jurisdiction over the adversary proceeding. *See, e.g., Dahlquist v. First Nat. Bank in Sioux City, Iowa,* 751 F.2d 295, 298 (8th Cir. 1985) (dismissal of the underlying bankruptcy proceeding does not necessarily moot all issues collateral or ancillary to the bankruptcy proceedings); *Tankson v. Yao,* 1992 WL 55684, Adv. No. 91–A–00289 (Bankr.N.D.Ill. Feb. 28, 1992) (after bankruptcy closed jurisdiction continues for matters arising under Title 11).

6. Other courts have held that bankruptcy courts alone have exclusive jurisdiction to determine stay applicability. *See, e.g., In re Raboin,* 135 B.R. 682, 684 (Bankr.D.Kan.1991); *Sermersheim v. Sermersheim,* 97 B.R. 885, 888 (Bankr. N.D.Ohio 1989).

thorities, the alleged actions of defendant McClain certainly were not "in clear absence of all jurisdiction." Defendant McClain was immune from suit and the bankruptcy court properly dismissed the complaint as to him.

### C. *Section 362(h)*

Kearns alleges that on June 16, July 7, and July 30, 1992, defendants prosecuted and/or adjudicated indirect civil contempt proceedings against him for nonpayment of maintenance and child support, knowing that he had filed bankruptcy and that the automatic stay had not been modified. Kearns contends that such actions constitute a willful violation of the automatic stay.

The filing of a bankruptcy petition operates as a stay against the enforcement of judgment or proceedings against the debtor or against property of the estate. 11 U.S.C. § 362(a). A deliberate act in violation of the stay, which the violator knows to be in existence, justifies an award of actual damages under § 362(h). *See In re Drexel Burnham Lambert Group Inc.*, 120 B.R. 724, 738 (Bankr.S.D.N.Y.1990). An additional finding of maliciousness or bad faith warrants the imposition of punitive damages. *Id.* If there is uncertainty as to whether the automatic stay applies, the prudent practitioner should petition the court for clarification.[7] *See, e.g., In re Brock,* 58 B.R. 797, 804 (Bankr.S.D.Ohio 1986); *In re Daugherty,* 117 B.R. 515, 517 (Bankr.D.Neb.1990). Otherwise, he or she takes a calculated risk of being held in contempt. *Brock,* 58 B.R. at 804.

The contempt proceedings arose from a confinement order which the District Court of Johnson County entered on May 12, 1992, directing Kearns to serve each weekend in the county jail. The order stated (1) that at a previous hearing the court had found Kearns guilty of indirect civil contempt and had ordered him to serve each weekend in the county jail; (2) that the previous order had been stayed on the condition that Kearns make certain support payments as ordered; and (3) that Kearns had failed to abide by that order. The order further provided that Kearns could earn two credit hours toward every weekend in custody for each payment of $100.

On January 21, 1992, prior to the contempt proceedings, the bankruptcy court had held that Kearns' alimony and support obligations to Leibner were nondischargeable; however, the court did not rule on the legitimacy of the amounts claimed by Leibner.[8] In dismissing Kearns' complaint for willful violation of the automatic stay, the bankruptcy court held that since the debts to Leibner were nondischargeable, the contempt proceedings were excepted from the automatic stay under § 362(b)(2), because Kearns' post-petition earnings were not property of the bankruptcy estate.

Section 362(b)(2) excepts from the automatic stay "the collection of alimony, maintenance, or support from property that is not property of the estate." 11 U.S.C. § 362(b)(2). Kearns argues, and the court agrees, that the contempt proceedings against Kearns were brought against him personally and, therefore, are not excepted under § 362(b)(2). As a Chapter 7 debtor, Kearns' post-petition earnings were not property of the estate and would have been available to pay nondischargeable support obligations.[9] *Mann,* 88 B.R. at 430 (Chapter

7. Sections 362(d) and (e) provide that, at the request of a party in interest and after notice and hearing, the court shall, within 30 days after the request for relief has been filed and if certain conditions are met, grant relief from the automatic stay.

8. Kearns alleged in another adversary proceeding that he was entitled to offset amounts owed to Leibner because Leibner relinquished nondischargeable judgment liens against certain real property that had been foreclosed. This, Kearns alleged, caused him to lose credit against amounts he would otherwise owe on Leibner's judgment. On November 13, 1993, the bankruptcy court denied Kearns' motion for setoff. On appeal, the district court declined to decide the issue, finding the motion moot in light of Kearns' denial of discharge. See *Kearns v. Leibner,* No. 92–2447–JWL, 1993 WL 191619 (D.Kan. May 17, 1993).

9. Section 541(a)(6) provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, *except* such as are earnings from services performed by an individual debtor after the com-

debtor's future earnings and exempt property would be available for payment of past alimony and child support). This alone, however, does not bring the contempt proceedings within the § 362(b)(2) exception.

Section 362(b)(2) excepts collection of support only "from *property* that is not property of the estate." 11 U.S.C. § 362(b)(2) (emphasis added). The contempt proceedings were not seeking to garnish Kearns' post-petition earnings. Rather, the contempt proceedings were brought against Kearns personally. *See Bible v. Bible*, 110 B.R. 1002, 1006 (Bankr.S.D.Ga.1990) (Section 362(b)(2) not apply to contempt action for alimony because focus of action was on debtor, not property). The court cannot ignore the express language of § 362(b)(2). The contempt proceedings against Kearns were brought against Kearns personally and, therefore, were not excepted under § 362(b)(2).

■■■■■ Several factors may, however, affect the merits of Kearns' claim. Section 362(b)(1) excepts from the automatic stay "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). Section 362(b)(1) applies if, based upon all aspects surrounding issuance of the contempt order, the order was in fact punitive.[10] *See Rook v. Rook*, 102 B.R. 490, 494 (Bankr.E.D.Va.1989), *aff'd*, 929 F.2d 694 (4th Cir.1991). In determining whether § 362(b)(1) applies, courts have looked to (1) whether contempt citation is unconditional versus whether the debtor may purge herself or himself from contempt by paying certain sums; *Rook*, 102 B.R. at 494; (2) whether the contempt arises out of pre-petition conduct; *Foerst v. Clowser*, 39 B.R. 883, 884 (Bankr.E.D.Va.1984); (3) whether the debtor was found to be in contempt before he or she filed bankruptcy; *In re Thayer*, 24 B.R. 491 (Bankr.W.D.Wis. 1982); and (4) whether the contempt order is intended to "uphold the dignity of the court." *US Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D.Kan.1988) (court cannot conceive that Congress intended to strip state court of power to punish failure of party to comply with pre-bankruptcy order of its court and instead permit party to blatantly violate direct orders of court and then seek shelter from bankruptcy judge). Based on the pleadings before the bankruptcy court, however, the court cannot determine as a matter of law that the contempt proceedings against Kearns are excepted from the automatic stay under § 362(b)(1).

## C. *Attorneys Fees*

Orr and Bennett Lytle have filed a motion for attorneys' fees and costs (Doc. # 13). In light of the court's ruling on appeal, the court finds that attorneys' fees should not be awarded.

**IT IS THEREFORE ORDERED** that the bankruptcy court's order granting defendant McClain's motion to dismiss should be and hereby is affirmed; the bankruptcy court's orders granting defendants Orr, Bennett Lytle, Leibner, and Elliot's motions to dismiss should be and hereby are reversed; and the *Motion of Appellees Orr and Bennett, Lytle, Wetzler, Winn & Martin for Attorneys' Fees and Costs and Judgment Therefor Against Appellant* (Doc. # 13) should be and hereby is overruled. The adversary proceeding as to defendants Orr, Bennett Lytle, Leibner, and Elliot is remanded to the bankruptcy court for further proceedings in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

■■■■■

---

mencement of the case." 11 U.S.C. § 541(a)(6) (emphasis added).

10. Kearns states that the contempt proceedings were "not so much to collect a debt but rather to punish him for failure to comply with a standing order of confinement, entered against him several years ago by an administrative district court judge, now retired." *Complaint*, ¶ 36.