In re Victor William KEARNS, Jr., Debtor.

Victor William KEARNS, Jr., Appellant,

v.

James R. ORR; Bennett, Lytle, Wetzler, Winn & Martin; Lynda J. Leibner, formerly known as Lynda J. Kearns; Peggy A. Elliott; Larry McClain, Appellees.

No. 92–2448–KHV.

United States District Court, D. Kansas.

May 20, 1994.

424

Victor William Kearns, Jr., pro se.

Bruce F. Landeck, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, KS, J. Patrick Shepard, Hazelton, Laner & Batson, Kansas City, MO, and Carl A. Gallagher, Office of the Atty. Gen., Topeka, KS, for appellees.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter comes before the Court on *Defendant Peggy Elliott's Motion to Alter or Amend Judgment, or For a Certificate Pursuant to B.R. 7054(b)* (Doc. # 20), *Defendant Leibner's Motion to Reconsider* (Doc. # 22), and the *Motion of Defendants James R. Orr and Bennett, Lytle, Wetzler, Winn & Martin to Reconsider* (Doc. # 24). Originally, plaintiff Victor W. Kearns, Jr., appealed the bankruptcy court's orders which dismissed his adversary proceeding for willful violation of the automatic stay. On November 23, 1993, the Court issued a *Memorandum and Order* (Doc. # 18) wherein the Court affirmed the bankruptcy court's order dismissing defendant Larry McClain and reversed the bankruptcy court's orders dismissing defendants James R. Orr, Bennett, Lytle, Wetzler, Winn & Martin [Bennett Lytle], Lynda J. Leibner, and Peggy A. Elliott. *See In re Kearns,* 161 B.R. 701 (D.Kan.1993). Defendants Elliott, Leibner, Orr, and Bennett Lytle urge the Court to reconsider that order.[1]

---

1. Although Elliott's motion is entitled as one to alter or amend judgment, Elliott states in her memorandum that it is essentially a motion to reconsider under Local Rule 206(f). *See Memorandum in Support of Defendant Peggy Elliott's Motion to Alter or Amend Judgment, or for a*

■ Motions to reconsider are expressly authorized by Local Rule 206(f). They are purely a creature of local rule and are not covered by any provision of the Federal Rules of Civil Procedure. *Prudential Securities Inc. v. LaPlant*, 151 F.R.D. 678, 678 (D.Kan.1993). Motions for reconsideration are appropriate when the Court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990). The decision to sustain or overrule a motion for reconsideration is committed to the Court's sound discretion. *See Hancock v. Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988). In their motions for reconsideration, defendants for the first time request oral argument. In the November 23 order, the Court found that the facts and legal arguments were adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court did not allow oral argument pursuant to Bankruptcy Rule 8012. The Court finds nothing in the motions for reconsideration to warrant oral argument at this time.

Plaintiff alleges that on June 16, July 7, and July 30, 1992, defendants prosecuted indirect civil contempt proceedings against him for nonpayment of maintenance and child support, knowing that he had filed bankruptcy and that the automatic stay had not been modified. Plaintiff contends that such actions constitute a willful violation of the automatic stay. In the November 23 order, the Court found that the alleged contempt proceedings did not fall under § 362(b)(2), and therefore were subject to the automatic stay, because they were brought against plaintiff personally and not against property which was not property of the estate. On further reflection, the Court finds that holding erroneous on the record before the Court. The Court therefore withdraws portion "C" of its order entitled *"Section 362(h),"* 161 B.R. at 705–706, and substitutes the following:

### C. *Section 362(h)*

■ The filing of a bankruptcy petition operates as a stay against the enforcement of a judgment or proceedings against the debtor and/or property of the estate. 11 U.S.C. § 362(a). A deliberate act in violation of the stay which the violator knows to be in existence justifies an award of actual damages under § 362(h). *See In re Drexel Burnham Lambert Group Inc.*, 120 B.R. 724, 738 (Bankr.S.D.N.Y.1990). An additional finding of maliciousness or bad faith warrants the imposition of punitive damages. *Id.* If there is any uncertainty as to whether the automatic stay applies, the prudent practitioner should petition the court for clarification. *See, e.g., Matter of Brock*, 58 B.R. 797, 804 (Bankr.S.D.Ohio 1986); *Matter of Daugherty*, 117 B.R. 515, 517 (Bankr.D.Neb. 1990). Otherwise, counsel takes a calculated risk of being held in contempt. *Brock*, 58 B.R. at 804.

■ The record is unclear whether the alleged contempt proceedings were an attempt to coerce collection of plaintiff's support obligation or to punish plaintiff for disregarding the previous orders of the Kansas District Court.[2] Plaintiff appears to allege both motives. On the one hand, plaintiff alleges that "essentially the proceedings instigated against [him] have been to [sic] not so much to collect a debt but rather to punish him for failure to comply with a standing order of confinement, entered against him

---

*Certificate Pursuant to B.R. 7054(b) (sic)* (Doc. # 21), p. 1.

**2.** Attached to plaintiff's complaint as "Exhibit 1" is a confinement order entered by the District Court of Johnson County on May 12, 1992 (10 days before plaintiff filed his Chapter 7 bankruptcy petition) which directed plaintiff to serve each weekend in the county jail. The order states that (1) at a previous hearing the court found plaintiff guilty of indirect civil contempt and ordered him to serve each weekend in the county jail; (2) the court stayed the previous order on the condition that plaintiff make certain support payments as ordered; and (3) plaintiff failed to abide by that order. The order further provides that plaintiff may earn two hours credit toward weekend custody for each payment of $100.00. Although the May 12 order appears to have a collection motive (because plaintiff can purge himself of the contempt), the record does not reveal the nature of the alleged contempt proceedings on June 16, July 7, and July 30, 1992.

several years ago by an administrative district court judge, now retired." *Complaint for Damages for Willful Violation of § 362(a) of the U.S. Bankruptcy Code,* ¶ 36. To the extent plaintiff claims that the contempt proceedings were intended to uphold the dignity of the court and punish him for failure to comply with previous court orders, such actions are excepted from the automatic stay. *See, e.g., Smith–St. John Mfg. Co. v. Price,* No. 88–2018, 1989 WL 7922 (D.Kan. 1989) (§ 362(a)(1) not applicable to contempt proceedings aimed at punishing debtor for flouting court orders); *Stovall v. Stovall,* 126 B.R. 814, 815 (N.D.Ga.1990) (contempt action intended to uphold dignity of court not stayed even though payable to opposing party); *Scully v. Iowa District Court for Polk Co.,* 489 N.W.2d 389, 392 (Iowa 1992) (unconditional punitive sanctions generally exempt from automatic stay).

■ On the other hand, plaintiff also appears to allege that the contempt proceedings had a collection motive. Plaintiff alleges in paragraph 35 of the complaint that defendants' acts "in no way relate to an attempt to levy against non-exempt property that is not property of the bankrupt's (Kearns) estate and which by operation of law passed into the hands of the Trustee in Bankruptcy." *Complaint,* ¶ 35. Although this allegation is somewhat ambiguous, construed broadly it appears to claim that defendants' actions were an attempt to levy against property of the estate.[3] To the extent plaintiff claims that the contempt proceedings were intended to coerce payment of past support obligations from property of the estate, such actions would violate the automatic stay.

■ Section 362(b)(2) excepts from the automatic stay the collection of nondischarge-able support obligations from property that is not property of the estate. 11 U.S.C. 362(b)(2). As a Chapter 7 debtor, plaintiff's post-petition earnings were not property of the estate and were available along with any exempt property and/or property acquired post-petition to pay nondischargeable support obligations. *See In re Weidenhammer,* 82 B.R. 383, 385 (Bankr.E.D.Pa.1988). Because the bankruptcy court had already decided on January 21, 1992, that plaintiff's support obligations were truly in the nature of support and therefore nondischargeable under § 523(a)(5),[4] defendants were free to collect support obligations (and to bring contempt proceedings to effect collection) from property that was not property of the estate.[5] *See In re Altchek,* 124 B.R. 944, 959 (Bankr. S.D.N.Y.1991) (contempt action for nondischargeable support obligation excepted from automatic stay under § 362(b)(2)). Nevertheless, the automatic stay still applied to any attempts to collect support obligations from property of the estate.

■ The bankruptcy court found that the alleged contempt proceedings fell under § 362(b)(2) because there was "no indication that any of the defendants attempted to collect support from property of the estate." *Order Dismissing Complaint Against Defendants Orr and Bennett, Lytle,* ROA No. 20. The Court, however, finds this ruling erroneous on the pleadings before the bankruptcy court. On a motion to dismiss, the court must assume plaintiff's factual allegations to be true. *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). Although paragraph 35 of the complaint is ambiguous, the Court is under a duty to construe *pro se* pleadings liberally. Therefore, the Court must construe plaintiff's complaint to state a claim to

---

**3.** This construction is also consistent with plaintiff's assertions on appeal that defendants' actions were directed at property of the estate. *See Brief of Appellant,* pp. 7, 21.

**4.** The Court's ruling would be different if the bankruptcy court had not made the dischargeability determination prior to the contempt proceedings. *See In re Tweed,* 76 B.R. 636, 639 (Bankr.E.D.Tenn.1987) (contempt proceedings against Chapter 7 debtor violated automatic stay where ex-wife had not sought determination from bankruptcy court as to dischargeability); *In re Sermersheim,* 97 B.R. 885, 889 (Bankr. N.D.Ohio 1989) (same).

**5.** Plaintiff claims that the bankruptcy court had not yet determined the correct amount of the support obligations owing. The bankruptcy court, however, lacked jurisdiction to determine the proper amount of such obligations. *See In re Comer,* 723 F.2d 737, 740 (9th Cir.1984) (bankruptcy court barred from looking behind state court default judgement to determine amount of support obligation); *In re McHenry,* 131 B.R. 669, 673 (Bankr.N.D.Ind.1989) (debtor cannot collaterally attack amount of liability under state court judgment).

the extent reasonably possible. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). In doing so, the Court finds that plaintiff claims that through the contempt proceedings defendants acted to collect support obligations from property of the estate. The Court therefore finds that plaintiff has stated a claim for relief under § 362(h).[6]

IT IS THEREFORE ORDERED THAT *Defendant Peggy Elliott's Motion to Alter or Amend Judgment, or For a Certificate Pursuant to B.R. 7054(b)* [7] (Doc. # 20), *Defendant Leibner's Motion to Reconsider* (Doc. # 22), and the *Motion of Defendants James R. Orr and Bennett, Lytle, Wetzler, Winn & Martin to Reconsider* (Doc. # 24) should be and hereby are sustained in part and overruled in part. This adversary proceeding is remanded to the bankruptcy court for further proceedings in accordance with this Memorandum and Order.

**IT IS SO ORDERED.**

See also 127 B.R. 65.

---

6. The Court notes that its holding is limited to the broadest possible construction of plaintiff's complaint. If plaintiff is really claiming that the primary motive of the contempt proceedings was to punish him for his failure to abide by previous court orders, or if plaintiff is claiming that defendants' actions were not directed at property of the estate, then plaintiff should dismiss his complaint or face the possibility of Rule 11 sanctions for bringing unwarranted claims.

7. Elliott requests a certificate under Bankruptcy Rule 7054 (Fed.R.Civ.Pro. 54(b)) so that she may treat the Court's decision as a final order for purposes of an appeal. The Court finds B.R. 7054 inapplicable to this order because the Court has not finally adjudicated any claims relating to Elliott. If Elliott intended to request an interlocutory appeal under 28 U.S.C. § 1292, the Court denies such request.