**In re Alan P. JONES, Debtor.**

**No. 00–13710 B.**

United States Bankruptcy Court,
W.D. New York.

Jan. 11, 2002.

Gerald J. Vella, Springville, NY, for Bank of Holland.

Jeffrey A. Kosterich & Associates, P.C., Jeffrey A. Kosterich, of counsel, Yonkers, NY, for Beneficial Homeowner Service Corporation.

CARL L. BUCKI, Bankruptcy Judge.

The issue in this case is whether a state court possesses concurrent authority to determine the application of the automatic stay imposed by section 362 of the Bankruptcy Code.

Alan P. Jones filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 17, 2000. As a consequence, creditors were subject to the automatic stay of section 362, which prohibited "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Notwithstanding this provision and without any order vacating the automatic stay, the Bank of Holland commenced an action under article 13 of the New York Real Property Actions and Proceedings Law, to foreclose its mortgage on property of the debtor's estate at 10345 Marble Springs Road in the Town of Freedom, New York. As evidenced by his naming the Chapter 7 trustee as a defendant, counsel for the Bank of Holland was aware of the mortgagor's bankruptcy when he filed the foreclosure complaint with the county clerk on August 30, 2000. The Bank of Holland then arranged for service of its complaint upon each of the named defendants, including the debtor, his wife as a co-owner of the property, the Chapter 7 trustee, and Beneficial Homeowner Service Corporation, as the holder of a second mortgage. In response, the trustee on September 29, 2000, served a limited notice of appearance in the foreclosure proceeding. Shortly thereafter, the trustee filed with this court a report of no assets, and on October 26, 2000, the bankruptcy case was closed. Meanwhile, the Bank of Holland continued the foreclosure process, which resulted in a purported sale of the property to the Bank of Holland on January 29, 2001.

Beneficial Homeowner Service Corporation ("Beneficial") did not appear in the foreclosure proceeding prior to the purported sale of the debtor's real estate. Accordingly, it received no notice of sale and did not attend the auction. Upon learning that the winning bid was less than what it believed to be fair market value, Beneficial prepared papers asserting various foreclosure irregularities, among which was an alleged violation of the automatic bankruptcy stay. Based on these papers, Beneficial obtained from the Honorable Larry M. Himelein of the Cattaraugus County Court an order to show cause why the foreclosure sale should not be set aside. However, after a hearing on March 13, 2001, the Court denied Beneficial's request and awarded costs to the Bank of Holland. Beneficial then moved to reopen this bankruptcy and, by order to show cause, sought a declaration voiding the foreclosure sale of the property on Marble Springs Road.

In his affirmation in support of the order to show cause, Beneficial's counsel states the essence of his client's argument, namely that "Beneficial failed to appear in

the mortgage foreclosure action based upon its good faith reliance and belief that the foreclosure action was void as it was commenced and served without the Plaintiff therein having obtained an Order granting relief from the automatic stay." Although the Bank of Holland disputes that the foreclosure was void, its more persuasive argument urges the binding effect of a contrary decision by the state court.

In support of its application in state court to vacate the foreclosure sale, Beneficial specifically asserted a violation of the automatic bankruptcy stay. The County Court, however, rejected this argument in its decision:

> Beneficial's argument about the bankruptcy stay is equally unavailing. Section 549 of the Bankruptcy Code allows the trustee, but not a creditor, to void post-petition transactions. Here, the trustee made no effort to stop the foreclosure action even though the trustee knew of the foreclosure. While Section 362 of the Bankruptcy Code creates an automatic stay that apparently should have been lifted, Beneficial cites no clear precedent demonstrating that this court should void the sale because the stay was not lifted. Moreover, the bankruptcy court is a more appropriate forum to litigate this contention and the court notes that Beneficial did not make any such application in that court.

■ Curiosity might tempt one to inquire whether this court would have applied the rationale of the Cattaraugus County Court, if Beneficial had sought relief here in the first instance. Arguably, avoidance under section 549 is of no relevance when the underlying transaction is itself already void. See In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2nd Cir. 1987). Many are the interesting bankruptcy issues that this case might have pre-sented, such as whether the automatic stay inures to the benefit of creditors, whether parties waive the protection of the automatic stay by reason of their appearance in state court, whether the closing of a case (and the consequential termination of the automatic stay) leaves as void a proceeding that was previously initiated, and whether the Bankruptcy Court might retroactively grant relief from the automatic stay. These considerations are not necessary, however, because the parties are bound by the prior and final decision of the state court.

■ While Beneficial could have sought the intervention of the Bankruptcy Court in the initial instance, the Cattaraugus County Court also enjoyed concurrent jurisdiction to decide that creditor's objections relative to application of the automatic stay. In re Bona, 124 B.R. 11 (S.D.N.Y. 1991), In re Mann, 88 B.R. 427 (Bankr. S.D.Fla.1988). Thus did the Court of Appeals for the Second Circuit conclude in In re Baldwin–United Corp. Litigation, 765 F.2d 343, 347 (1985): "The Court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."

This is not a case in which a stay violator requested the state court's ruling relative to the application of section 362. Nor did Beneficial assert the automatic stay as a mere defense. In such instances, one might argue that the determination in state court was part of a void proceeding, and therefore was itself void. Rather, by motion subsequent to the foreclosure judgment, Beneficial sought affirmatively to vacate the earlier sale of the premises. Rather than seeking relief in the Bankruptcy Court, Beneficial itself chose a different forum for a resolution of its claim of

a stay violation. From the decision of the state court, Beneficial took no appeal. It is, therefore, bound by the result.

This court bases its decision solely on the binding effect of the ruling of the Cattaraugus County Court, with respect to a determination of rights as between Beneficial and the Bank of Holland. Thus, this result shall bind only the movant, and shall not affect any right of the debtor or any other interested party to seek similar relief in the Bankruptcy Court. Whether the foreclosed property is at all marketable under the present circumstances is an issue to which this court expresses no opinion at this time.

For the reasons stated herein, this court denies Beneficial's motion to void the mortgage foreclosure action of the Bank of Holland.

So ordered.